## Windsor Sav. Bank *v.* McMahon *et al.*

*(Circuit Court, S. D. Iowa, W. D.*   April 6, 1889.)

1. NEGOTIABLE INSTRUMENTS — NEGOTIABILITY — CERTAINTY IN AMOUNT — LAW-MERCHANT.

  A stipulation in a promissory note, making the installments of interest, and, when due, the principal, payable at a given place, "with exchange on New York," renders the note non-negotiable under the law merchant, as it cannot be known until the times of payment arrive what the rates of exchange will be, and the amount necessary to discharge the note is therefore uncertain.

2. SAME — JURISDICTION OF FEDERAL COURTS.

  Under act Cong. 1875, providing that the federal courts shall have no jurisdiction of a suit founded on a contract in favor of an assignee unless the assignor could have prosecuted the suit in the same court, "except in cases of promissory notes, negotiable by the law-merchant, and bills of exchange," the negotiability of a note, so far as is necessary to determine the question of jurisdiction, is governed wholly by the rules of the law-merchant, regardless of the statutory provisions of the state in which the action is brought.

In Equity.  Bill for foreclosure.

The Windsor Savings Bank, assignee of William B. Somers, brought this bill against S. A. McMahon and others, to foreclose a mortgage executed by said McMahon on land to secure the payment of a note to said Somers.

*L. W. Ross,* for complainant.

*Wright, Baldwin & Haldane,* for defendants.

SHIRAS, J.  This suit was brought for the purpose of foreclosing a mortgage executed by S. A. McMahon, given to secure the payment of a promissory note for $14,000.  The note bears date at Council Bluffs, Iowa, and provides that "both principal and interest payable at the office of J. W. and E. L. Squire, Council Bluffs, Iowa, with exchange on New York." The jurisdiction of the court is now questioned by a suggestion on behalf of the defendant that the note is payable to the order of William B. Somers, and it is admitted by the parties that at the date of the bringing the suit the mortgagor and payee of the note were citizens of the state of Iowa.  Under the provisions of the act of 1875, in force when the suit was commenced, this court has not jurisdiction of a suit founded on a contract in favor of an assignee, unless the assignor could have prosecuted the same in this court in case no assignment had been made, "except in cases of promissory notes negotiable by the law-merchant, and

bills of exchange." Under the agreed facts this court has not jurisdiction, unless the note sued on is negotiable, according to the principles of the law-merchant, for it is admitted that when the suit was brought the payee and assignor of the note and the principal defendant were citizens of the same state. The point is whether the provision that the principal and interest are payable with exchange destroys the negotiable character of the note, according to the principles of the law-merchant. The question is not whether the note may be negotiable under the provisions of the state statute. The state legislature may declare that all instruments or contracts for the payment of money are negotiable, and shall possess the incidents pertaining to negotiable paper; but that would not change the test of negotiability fixed by the act of congress of 1875. That test is negotiability according to the principles of the law-merchant, not according to the provisions of the state statute. It is not a question of the true intent and meaning of the contract as defining the rights of the parties thereunder, in which case the rule of the state statute would be obligatory upon this court, as well as the courts of the state, in all matters wherein the state statute controls or defines such rights, and thus forms part of the contract of the parties. When the act of 1875 was passed it denied jurisdiction to the courts of the United States in all cases wherein the cause of action had been assigned, unless the assignor could have instituted suit in the federal court, except in cases based upon promissory notes, negotiable by the law-merchant and bills of exchange.

As already stated, the question is whether a note which provides that the several installments of interest as they come due, and also the principal sum, shall be paid at Council Bluffs, Iowa, with exchange on New York, is or is not negotiable according to the rules of the law-merchant. Upon this question, the authorities are not in accord. The general rule has long been established that certainty in the sum to be paid is one of the elements essential to render notes negotiable. Many cases hold that the spirit of the rule is observed if the principal sum to be paid is made certain, even though there may be some slight addition by way of interest or exchange to be made thereto. While the argument in support of the conclusion is certainly plausible, yet the difficulty with it is that it opens the way to introducing too many uncertainties; that it may ultimately obviate the rule itself; and that is not advisable. If we adhere to the principle that, to render a note negotiable, the amount to be paid at maturity must be ascertainable from the face of the note, without resort to evidence *dehors* the instrument, we have a fixed and certain rule for guidance; but, if we depart from this principle, doubt and uncertainty will arise as to the true character of notes and other like instruments for the payment of sums depending on contingencies. If there was a fixed rate of exchange established by law, or if the note provided the rate to be paid, so that from the face of the note it could be computed what the exchange would be, then the note itself would contain all the facts necessary to be known in order to ascertain the sum necessary to be paid at maturity in discharge of the obligation of the maker, and in that case there would not be any uncertainty in the amount of the note. When,

however, the provision is that, as each payment of interest comes due, the amount thereof is to be paid at Council Bluffs, Iowa, with exchange on New York, and the like provision as to the principal sum, it is evident that every payment of interest and principal is uncertain in amount, in that it depends upon the rate of exchange charged at the time the payments come due, and this rate cannot be determined from the face of the note, nor by reference to any law or fixed rule, but is dependent upon what may be the rate current at the several times the installments of the interest and the principal are payable, and this rate cannot be known until the time of payment arrive, and then only by evidence to be gathered from banks or other dealers in exchange. In ascertaining the amount now due upon this note and the unpaid coupons, it is necessary that evidence be introduced showing the rate of exchange current in Council Bluffs, Iowa, at the several dates of the maturity thereof. Thus we find that the element of certainty in the amount to be paid is wanting, and unless the court adopts the principle that it is not the fact of uncertainty, but the amount thereof, that controls the question of negotiability, it must be held that the note sued on lacks an essential requisite of negotiability.

The contract evidenced by the note binds the maker thereof to pay the installments of interest and the principal, with exchange on New York, and the latter provision is just as much a part of the contract as are the provisions touching the principal sum and the interest. Resolving the contract into its several parts, we find it to be a contract for the payment of the principal sum of $14,000 in five years from date, for the payment of $490 every six months as interest, and for the payment on each installment of interest, and also on the principal sum when paid, of the current rate of exchange between Council Bluffs, Iowa, and New York. The party is bound to pay this current rate of exchange, as a part of the contract. The amount thereof is left wholly dependent on what the rates may be when the several payments come due, and there is no legal or business rule by which the amounts can be ascertained until the day of payment arrive. It is difficult to conceive of any other provisions that could have been incorporated into this note that would have rendered the amounts to be paid more uncertain than this one touching the payment of exchange. True, the fluctuations in the rate of exchange may not have been very great, yet this could not have been foreseen with certainty when the note was executed. When the note was signed it was impossible to know whether the rate of exchange to be paid upon the principal sum when it matured five years thereafter would be one-tenth of one per cent. or one per cent. Therefore it is clear that, unless we abandon the rule of requiring certainty in the amount to be paid at maturity as an essential element in negotiable paper, this note cannot be held negotiable under the principles of the law-merchant.

Counsel cite a number of cases wherein it has been held that provisions waiving the benefit of appraisement or exemption laws, or for the payment of attorney's fee and the like, do not destroy the negotiability of the note containing them. These provisions do not affect or render

uncertain the amount to be paid at the maturity of the paper. If the note is promptly paid at maturity, these provisions do not come into effect. They are intended to define the rights of the parties in case the note is not paid, and the holder is obliged to resort to legal means for the collection thereof. They are held to be provisions outside the contract of payment of the note, and not affecting it. In the case at bar, the obligation to pay exchange is part of the contract of payment, and cannot be separated therefrom. When each payment of interest matured, as well as when the principal came due, the maker of the note was bound to pay the amount of exchange according to the then current rate, as well as the amounts of the interest and principal. Paper, to be negotiable under the law-merchant, must define by its terms what the obligation of the maker is, so that, as it passes from hand to hand in the business world, it may be ascertainable from the face of the instrument what is demandable from the maker. If there inheres in the contract of payment an element of uncertainty of such a nature that, as each payment is made, it is necessary, in order to determine the sum that must be paid to fully discharge the contract, to make inquiry touching an extrinsic fact, and ascertain by such inquiry what the rate of exchange is at a given point between that place and New York, it certainly seems that such an instrument is not "a courier without luggage," but, on the contrary, is hampered by the absolute necessity, imposed by its own terms on the maker, of ascertaining, as each payment matures, what the exchange upon the interest or principal amounts to at the rate then prevailing at the place of payment.

Counsel have not cited, nor have I been able to find, any decision of the United States supreme court upon the exact question. It may be, as counsel urge, that the supreme court, having regard to what it is claimed is the common understanding in the business community, may hold that notes containing the provision found in the one now in question are negotiable. When, however, the jurisdiction of the court is involved, as in the present instance, it is the safer rule not to entertain jurisdiction when reasonable doubt exists, as it is better for the parties to have resort to a court whose jurisdiction cannot be assailed, especially in cases wherein the title to realty may become involved. But it cannot be said that in this circuit we are without controlling authority on the point, as in the case of *Hughitt* v. *Johnson*, 28 Fed. Rep. 865, the circuit judge held, in a case pending in the Eastern district of Missouri, that a clause binding the maker to pay exchange rendered the amount payable upon a note uncertain, and defeated its negotiability. If, then, the note sued on is not negotiable, this court had not jurisdiction when the suit was brought, and the order must be that it be dismissed without prejudice.